IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALONZO JOHNSON, 13065361,            )<br>          Plaintiff,                )<br>                                       )<br>v.                                     )<br>                                       )<br>DALLAS COUNTY POLICE DEPT., ET AL.,    )<br>          Defendants.                 )   | No. 3:14-CV-1378-D |

FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.     Background**

Plaintiff is a pre-trial detainee currently incarcerated in the Dallas County Jail. He filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Dallas County Police Department, the Dallas County Jail, Dallas County Jail Officers Taylor, Jackson, Norman, Smith, Beuhler, and Awe, and two Jane Doe nurses. Process has not issued pending judicial screening.

In Plaintiff's complaint, answers to the Magistrate Judge's Questionnaire and correspondence, he makes numerous claims against Defendants regarding his treatment in the Dallas County Jail, and also complains that the Dallas Police Department failed to investigate complaints he made against "Isaiah Waites." Plaintiff states he is currently charged with shooting Isaiah Waites. Plaintiff seeks dismissal of the pending criminal charges and also seeks

money damages.

## II. Screening

The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III. Discussion

**1.     Non-Jural Entities**

Plaintiff names the Dallas County Jail and the Dallas Police Department as defendants. A plaintiff may not bring a civil rights action against a servient political agency or department

unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same). The Dallas Police Department and the Dallas County Jail should therefore be dismissed.

2.     **Theft**

Plaintiff claims he put money on his phone account, but someone else used this money. This claim, however, is barred by the *Parratt/Hudson* doctrine. *See Hudson v. Palmer,* 468 U.S. 517, 534-35, 104 S.Ct. 3194, 3204 (1984); *Parratt v. Taylor,* 451 U.S. 527, 543, 101 S.Ct. 1908, 1917 (1981) (*overruled in part not relevant here, Daniels v. Williams,* 474 U.S. 327 (1986)). According to this doctrine, a negligent or even an intentional deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson,* 468 U.S. at 533-34; *see also Stotter v. University of Texas at San Antonio,* 508 F.3d 812, 821 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine).

It is well established that Texas state law provides an adequate post-deprivation remedy

for inmates whose property has been taken or destroyed improperly. *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement [of an adequate post-deprivation remedy]"). Thus, the appropriate forum for Plaintiff's property loss claim lies in state court rather than federal court. *Thompson v. Steele,* 709 F.2d 381, 383 (5th Cir. 1983).

**3.      Lack of Heat**

Plaintiff states he was housed in a single cell, and the heat did not work in his cell during the winter.

The Fourteenth Amendment protects pre-trial detainees from conditions of confinement that constitute "punishment." Constitutional challenges by pre-trial detainees may be brought either as an attack on a "condition of confinement," or as an "episodic act or omission." *Flores v. County of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir. 1997) (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644 (5th Cir. 1996) (en banc)). In a condition of confinement case, the attack is on the "general conditions, practices, rules or restrictions of pretrial confinement." *Hare*, 74 F.3d at 644. In an "episodic act or omission" case, the attack is on a particular act or omission of one or more officials, and the issue focuses on "whether [the] official breached his constitutional duty to tend to the basic human needs of persons in his charge." *Id*. at 645.

Plaintiff's claim is fairly characterized as an episodic act or omission claim. He does not attack the general practices, conditions or rules of pretrial confinement, but instead challenges jail officials' decision to place him in a cell without a working heater, and to not move him once he complained about the temperature.

Under an episodic act or omission case, "a prison official may be held liable . . . for denying humane conditions of confinement only if he knows that inmates face a substantial risk

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**           Page -4-

of serious harm and disregards that risk by failing to take reasonable measures to abate it." *See Pomier v. Leonard*, 532 Fed. Appx. 553, 554 (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). In this case, the Court sent Plaintiff a Magistrate Judge's Questionnaire seeking additional information about this claim. The Questionnaire asked Plaintiff to state the approximate temperature of his cell during the relevant time, but Plaintiff failed to provide this information. Plaintiff did state, however, that jail officials provided him with two blankets, one of which he used to cover his mattress. (Magistrate Judge's Questionnaire at 3.) Plaintiff has failed to show that the temperature of his cell constituted a substantial risk of serious harm and that prison officials failed to take reasonable measures to abate the harm. This claim should be dismissed.

**4.    Complaints/Investigation**

Plaintiff states the Dallas Police Department erased the 911 calls and complaints he filed against Isaiah Waites. Plaintiff, however, has no constitutional right to an investigation or prosecution of his complaints. Investigations and the prosecution of state and federal offenses fall within the exclusive jurisdiction of the executive branch of the state and federal government. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (stating there is no constitutional right to have someone criminally prosecuted); *see also Green v. Revel*, No. 2:09-CV-0147, 2010 WL 597827 at *2 (N.D. Tex. Feb. 19, 2010) (citations omitted) (finding there is no constitutional right to an investigation or prosecution.) Plaintiff's claim should be dismissed.

**5.    Verbal Abuse**

On June 1, 2014, Plaintiff filed correspondence stating that officers and nurses joked about a gas smell coming into his cell, that Officer Smith told him he would be the "next inmate

down," that Officer Beuhler told an inmate he would put money on his account if he put Plaintiff "in the graveyard," and that a female officer told him that if he kept asking to speak to a sergeant, it "would not be good for him." He also claims an inmate told him that Defendants Taylor and Jackson told other inmates to rape him. He states that although he was not raped, one of the inmates used the jail air vents to speak to him and make threats against him. Verbal abuse and threats, however, do not give rise to a cause of action under § 1983. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Jackson v. Harris*, 446 Fed. Appx. 668 (5th Cir. 2011) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). These claims should be dismissed.

6. **Mail**

In correspondence, Plaintiff states jail officials have blocked or thrown his mail in the trash and he questions whether the Court received his responses to the Magistrate Judge's Questionnaire.

Prisoners have a constitutional right of access to the courts, but a plaintiff must show he was actually prejudiced. *Lewis v. Casey*, 518 U.S. 342, 349-51 (1996). The plaintiff must identify a nonfrivolous, arguable underlying claim that he has been unable to pursue. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis v. Casey*, 518 U.S. at 353). In this case, Plaintiff has failed to identify any piece of mail that was allegedly destroyed or blocked. Further, the Court timely received Plaintiff's responses to the Magistrate Judge's Questionnaire. Plaintiff has failed to state a constitutional violation.

7. **Medical Claims**

Pretrial detainees have a constitutional right under the Due Process Clause of the Fourteenth Amendment not to have their serious medical needs met with deliberate indifference

by jail officials. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Hare*, 74 F.3d at 636. The Fifth Circuit has stated:

> Deliberate indifference in the context of an episodic failure to provide reasonable medical care to a pretrial detainee means that: 1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended harm to occur. However, deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.

*Thompson v. Upshur County, TX*, 245 F.3d 447, 458-59 (5th Cir. 2001) (citation omitted).

In this case, Plaintiff states a Jane Doe nurse falsely tried to have him committed to the psychiatric ward. Plaintiff, however, has not stated how he was harmed by these actions. He also states someone changed his medical kite in the computer from a complaint for spitting up blood, to a complaint of stomach pains. Plaintiff, however, states he was seen by a nurse for his complaint and he has not stated how he was harmed by any change in the computer system. Plaintiff also states he was seen at Parkland Hospital for his claims of spitting up blood and also for a complaint of migraine headaches. Plaintiff additionally claims he was given medicine by a Jane Doe nurse that caused him to have shaking similar to a seizure. He states he did not tell the nurse of his reaction until a few days after the incident. He also has not alleged that he took any more of the medication after having a reaction to it.

On June 1, 2014, Plaintiff filed correspondence stating that he is currently ill from eating a lunch or dinner meal at the jail. He states it is hard for him to use the restroom, his gums are bleeding and his fingers seem to be going numb. He states he has not informed jail officials about these symptoms.

Plaintiff's allegations fail to establish that prison officials were deliberately indifferent to

his serious medical needs. Plaintiff's claims should be dismissed.

**8.      Delusional Claims**

Plaintiff claims Defendants Awe and Beuhler injected his fruit with an unknown substance. He states Defendants Beuhler and Smith tampered with his food and gave him food trays that contained glass, rocks, hair and a black powdery substance. He claims that if he eats the breakfast provided by the jail, he immediately has symptoms of a cold. He claims Defendants Beuhler and Norman shared his phone and mail lists with other inmates, and that inmates have called his parents and cussed at them. He states his cell smells like gas.

Plaintiff's complaint recites fantastic charges which are fanciful and delusional in nature. Dismissal is warranted under these circumstances. *See, e.g., Kolocotronis v. Club of Rome*, 109 F.3d 767, 1997 WL 115260 at *1 (5th Cir. 1997) (affirming dismissal of complaint describing a government plot to spread the AIDS virus throughout the world); *Lynn v. Stephens*, No. 3:13-CV-4735-D, 2014 WL 308152 (N.D. Tex. Jan. 28, 2014) (dismissing as delusional inmate's claims that jail officers were paid to put glass, poison, urine and spit in his food, that officers injected him with deadly diseases and that officers conspired to steal his money). The Court recommends that these claims be dismissed.

**9.      Miscellaneous Claims**

In his various correspondence, Plaintiff complains that an inmate took his picture, that his cell has a strong smell of bleach, that he has been unable to talk to the Sergeant Commander or the Grievance Supervisor, and that on May 21, 2014, he pushed the intercom button five times and no one responded to him. Plaintiff has failed to show that these claims constitute a violation of his constitutional rights.

Plaintiff also claims that while he has been incarcerated, his girlfriend was threatened by the brother of Isaiah Waites, his house was burglarized and set on fire, and his car was vandalized and sold by the Dallas Auto Auction. To the extent Plaintiff seeks to add Isaiah Waites' brother and/or the Dallas Auto Auction to this complaint, his claims fail to state a cause of action under § 1983.

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948).

Plaintiff has failed to show that Isaiah Waites' brother or the Dallas Auto Pound acted under color of state law. These claims should be dismissed.

## 10. Relief

Plaintiff seeks the dismissal of criminal charges that are currently pending against him. A claim for dismissal of criminal charges, however, is not cognizable under § 1983. Such a challenge can only be brought under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973). This claim is therefore without merit.

**RECOMMENDATION**

The Court recommends that the complaint be dismissed with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1), and 1915(e)(2)(B).

Signed this 13th day of June, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).